**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| GAIL OSBORN, TIM MCCONNELL SEABA, and GORDON SEABA, <br><br> **Plaintiffs,** <br><br> vs. <br><br> CHAUNCEY MOULDING, KELSEY KOENIG, and JEFFERSON COUNTY, IOWA, <br><br> **Defendants.** | Case No. _____ <br><br><br><br> **PETITION AT LAW and JURY DEMAND** |

**COME NOW** the Plaintiffs, by and through the undersigned counsel, and for their causes of action, respectfully state the following:

## PARTIES

1.    Plaintiff Gail Osborn is a United States citizen and was a resident of Jefferson County, Iowa at all times relevant to the events complained of herein.

2.    Plaintiff Tim McConnell Seaba is a United States citizen and was a resident of Jefferson County, Iowa at all times relevant to the events complained of herein.

3.    Plaintiff Gordon Seaba is a United States citizen and was a resident of Jefferson County, Iowa at all times relevant to the events complained of herein.

4.    Defendant Chauncey Moulding is believed to be a citizen and resident of Jefferson County, Iowa and was employed as the Jefferson County Attorney at all times relevant to the events complained of herein.

5.    Defendant Kelsey Koenig is believed to be a citizen of Iowa and was employed by the Iowa Department of Health and Human Services at all times relevant to the events complaint of herein.

1

6.      Defendant Jefferson County, Iowa is an Iowa County. Defendant Jefferson County is the employer of Defendant Chauncey Moulding.

7.      Defendants are sued in their official and individual capacities.

## JURISDICTION AND VENUE

8.      This is a civil rights case brought under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

9.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

10.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)–(2) because all defendants reside in—and all events or omissions giving rise to Plaintiff's claims occurred in—the Central Division of the Southern District of Iowa.

## GENERAL FACTUAL ALLEGATIONS

11.     All events complained of herein occurred in Jefferson County, Iowa.

12.     Plaintiffs all live on a property located in Jefferson County. The property belongs to both Gordon Seaba and Timothy McConnell Seaba.

13.     Gordon Seaba lives in the main house on the property, while Timothy McConnell Seaba and Gail Osborn live in a separate home at the back of the property.

14.     On November 15, 2024, the Iowa Department of Health and Human Services ("HHS") received an anonymous complaint alleging that Gail Osborn had given birth to a daughter, Charlotte McConnell, two months prior and was using methamphetamine while caring for that child.

15.     The information relayed by the anonymous complainant was entirely false. Ms. Osborn was never pregnant in 2024, had not given birth, and was not using methamphetamine while caring for a child.

2

16. HHS Child Protective Worker Kelsey Koenig was assigned to complete an assessment.

17. Around 10:15am on November 15th, Defendant Koenig traveled to Plaintiffs' property.

18. Upon arrival, Defendant Koenig spoke with Ms. Osborn regarding the allegations.

19. Ms. Osborn denied being under the influence of any illegal substances or having an infant child.

20. Defendant Koenig observed that Ms. Osborn was thin and exhibited no physical indications of having been recently pregnant.

21. Ms. Osborn contacted Timothy McConnell Seaba on speaker phone, and he also spoke with Defendant Koenig.

22. Timothy McConnell Seaba denied that Ms. Osborn had recently given birth and denied that either of them had been using illegal substances.

23. Ms. Osborn allowed Defendant Koenig to inspect her home.

24. Defendant Koenig observed the home was clean, with a made bed.

25. Defendant Koenig did not observe anything indicating a baby resided at the home.

26. Ms. Osborn advised Defendant Koenig that she suspected another person had called in a false complaint about a fictitious child due to a conflict with that person.

27. Ms. Osborn advised Defendant Koenig that she was close friends with Alicia White and that Ms. White could provide Defendant Koenig with information regarding Ms. Osborn.

28.     Ms. Osborn went with Defendant Koenig to the main home.

29.     Gordon Seaba agreed to allow Defendant Koenig to inspect his home.

30.     Defendant Koenig did not observe anything indicating a baby had been present in the home or that Ms. Osborn was using illegal substances.

31.     Defendant Koenig left the property after inspecting both Ms. Osborn and Gordon Seaba's homes.

32.     Around 11:36am, Defendant Koenig spoke with Washington County Sheriff's Office Investigator Jayse Horning.

33.     Mr. Horning related to Defendant Koenig that he was familiar with Ms. Osborn from working with Ms. Osborn at the fair, and he had observed that she had not been pregnant that summer.

34.     Around 11:51am, Defendant Koenig contacted Alicia White, who was a local probation officer.

35.     Ms. White explained that she had befriended Ms. Osborn over a year and a half prior. Ms. Osborn would drop by and chat with Ms. White sometimes several times a week.

36.     Ms. White had spoken with Ms. Osborn about Ms. Osborn's older children before and was aware of Ms. Osborn's family members.

37.     Ms. White told Defendant Koenig that she had seen Ms. Osborn in form-fitting clothing over the past year and had never observed that Ms. Osborn was pregnant.

38.     Ms. White further told Defendant Koenig that Ms. Osborn had never shown any signs of drug use.

4

39.    Ms. White then emailed Defendant Koenig around 1:15pm on November 15th, confirming the information she had provided on the phone.

40.    Around 2:26pm on November 15th, Defendant Koenig contacted another individual who also had no information suggesting that Ms. Osborn had recently been pregnant.

41.    Defendant Koenig accordingly had no information suggesting that the anonymous complaint was valid.

42.    To the contrary, all of the information Defendant Koenig possessed confirmed that there was no such child and the complaint was false.

43.    Around 3:23pm on November 15th, Defendant spoke to Defendant Moulding, who requested that Defendant Koenig return to Plaintiffs' property with law enforcement and ask Gordon Seaba to search the property.

44.    Around 4:00, Defendant Koenig and Defendant Moulding arrived at Plaintiffs' property.

45.    Defendant Koenig and Defendant Moulding were accompanied by Assistant Jefferson County Attorney Elizabeth Estey, Jefferson County Sheriff's Deputy Burnett, Jefferson County Sheriff's Deputy Miller, and two Washington County Sheriff's Deputies.

46.    Defendants did not possess a warrant to search any part of Plaintiffs' property.

47.    Defendant Moulding arrived first and encountered Timothy McConnell Seaba on the driveway.

48.    Timothy McConnell Seaba informed Defendant Moulding that he was a property owner and that no one was allowed on his property without a warrant.

49.     Defendant Moulding ignored Timothy McConnell Seaba and continued up the driveway to the main house.

50.     Defendant Koenig followed Defendant Moulding up the driveway in her own vehicle.

51.     The law enforcement officers and Elizabeth Estey remained at the bottom of the driveway and parked on the road.

52.     Defendant Moulding opened the door to the main house and entered Gordon Seaba's home without asking for or receiving consent.

53.     Ms. Osborn and Defendant Koenig followed Defendant Moulding inside Mr. Seaba's home.

54.     Defendant Koenig likewise did not ask for or receive consent to enter Mr. Seaba's home.

55.     Gordon Seaba told Defendant Moulding to get out of his home.

56.     Defendant Moulding did not honor Gordon Seaba's directive.

57.     Gordon Seaba repeatedly refused Defendant Moulding's demand to search the property.

58.     Defendant Moulding and Defendant Koenig proceeded to search Gordon Seaba's home.

59.     Ms. Osborn and Mr. McConnell Seaba spoke to the law enforcement officers at the bottom of the driveway and emphatically stated that the presence of Defendants and law enforcement at their property was a violation of their Fourth Amendment rights.

60.    Ms. Osborn and Mr. McConnell Seaba emphatically told everyone to leave the property.

61.    Defendant Moulding telephoned Deputy Miller and informed Deputy Miller that Gordon Seaba had consented to a search of his property.

62.    Based on Defendant Moulding's representation, law enforcement entered the property and conducted a search of outbuildings and campers on the property.

63.    Defendant Moulding and Defendant Koenig participated in the search of the property.

64.    No evidence that a baby had ever existed was found on the property.

65.    Defendant Moulding then approached Ms. Osborn and Mr. McConnell Seaba's home.

66.    Ms. Osborn told Defendant Moulding that he did not have permission to enter her home without a warrant.

67.    Ms. Osborn invoked the Fourth Amendment and told Defendant Moulding she would sue him if he entered her home.

68.    Defendant Moulding blatantly ignored Ms. Osborn and entered Ms. Osborn and Mr. McConnell Seaba's home, anyway.

69.    Ms. Osborn commented to Defendant Moulding "Warrant! You're a county attorney. You know the law. And you walk all over it."

70.    Ms. Osborn asked Defendant Moulding, "Are you dumb?" and Defendant Moulding responded, "I don't know, some days."

71.    Ms. Osborn and Mr. McConnell Seaba continued to direct everyone on the property to leave.

7

72.     Defendant Moulding laughed at Mr. McConnell Seaba.

73.     Defendant Moulding and Defendant Koenig refused to leave the property for several more minutes.

74.     Defendant Koenig subsequently deemed the anonymous complaint was "unfounded" because there was no evidence that a 2-month-old child existed, or that Ms. Osborn had recently been pregnant, or that Ms. Osborn had used any illegal substances.

75.     As a result of Defendants' actions, Plaintiffs experienced emotional distress.

## CAUSES OF ACTION

### COUNT 1
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
### RIGHT TO BE FREE FROM UNREASONABLE SEARCHES
### (Against Defendants Moulding and Defendant Koenig, Individually)

76.     Defendants Moulding and Koenig are persons for the purpose of a Section 1983 action for damages and this Count is brought against them in their individual capacity.

77.     At all times material hereto, Defendants' actions and omissions were made under the color of authority and law.

78.     It is clearly established that government actors cannot enter or search a property without a warrant, absent a recognized exigency or exception. *Webster v. Westlake*, 41 F.4th 1004, 1011 (8th Cir. 2022).

79.     Defendants violated Plaintiff's clearly established federal constitutional rights by entering and searching their property without probable cause, reasonable suspicion, an exigency, or any other exception allowing them to do so.

80.     Defendants were on notice that their conduct was unconstitutional.

81. Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights.

82. Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

83. As a result of the Defendants' illegal and unjustified conduct, Plaintiffs were injured and are entitled to recover for what have suffered in the past and will suffer in the future.

## COUNT 2
## TRESPASS
## Against Defendants Moulding

84. Plaintiffs were in possession of the property where their homes were located.

85. Defendants Moulding and Koenig reached an agreement to trespass on Plaintiffs' property and committed acts in furtherance of their conspiracy to trespass.

86. Defendant Moulding intentionally entered Plaintiffs' property without permission or legal justification to do so.

87. Defendant Moulding caused other law enfocement officers to enter Plaintiffs' property without permission or legal justification to do so.

88. Defendant remained on Plaintiffs' property after Plaintiffs instructed them to leave.

89. Plaintiffs were damaged by Defendant's actions.

## COUNT 3
## INVASION OF PRIVACY
## Against Defendant Moulding

90. Defendants intentionally intruded on Plaintiffs' solitude, seclusion, and/or private affairs.

9

91.    Defendants' actions would be highly offensive to a reasonable person.

92.    Plaintiffs were damaged by Defendants' actions.

## COUNT 4
## RESPONDEAT SUPERIOR
## against Jefferson County

93.    Defendant Jefferson County, Iowa employed Defendant Moulding and thus is liable for his tortious conduct pursuant to the doctrine of respondeat superior.

94.    The tort against Plaintiffs occurred within the scope of Defendant Moulding's employment relationship with Jefferson County.

95.    Defendant Moulding was performing an act in furtherance of Jefferson County's interests.

## PRAYER FOR RELIEF

Plaintiffs pray for Judgment against the aforementioned Defendants as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of their constitutional rights, mental anguish, and humiliation;

c.  Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d.  An award of pre-judgment interest;

e.  Punitive damages; and

f.  Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all counts to which Plaintiffs are entitled to a jury.

**PARRISH KRUIDENIER, L.L.P.**

By: _/s/ Gina Messamer_____
      Gina Messamer        AT0011823
      2910 Grand Avenue
      Des Moines, Iowa 50312
      Telephone: (515) 284-5737
      Facsimile: (515) 284-1704
      Email: gmessamer@parrishlaw.com
      **ATTORNEY FOR PLAINTIFFS**

By: _/s/ Edward Harvey_____
      Edward G. Harvey      AT0003350
      1600 Wonder Way
      Fairfield IA, 52556
      Telephone: (641) 919-8696
      Email: edwardgharvey98@yahoo.com
      **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

By: _/s/ Gina Messamer_____