UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GAIL OSBORN, TIM MCCONNELL SEABA, AND GORDON SEABA,<br><br>    Plaintiffs,<br><br>v.<br><br>CHAUNCEY MOULDING, KELSEY KOENIG, AND JEFFERSON COUNTY IOWA,<br><br>    Defendants. | Case No. 4:25-cv-183 -SHL-SBJ<br><br><br>**DEFENDANT KELSEY KOENIG'S ANSWER AND AFFIRMATIVE DEFENSES** |

**COMES NOW** Defendant, KELSEY KOENIG, and for her Answer and Affirmative

Defenses to Plaintiff's Petition and Jury Demand, states as follows:

## **PARTIES**

1.    Deny for lack of information or knowledge sufficient to form a belief.

2.    Deny for lack of information or knowledge sufficient to form a belief.

3.    Deny for lack of information or knowledge sufficient to form a belief.

4.    Deny for lack of information or knowledge sufficient to form a belief.

5.    Admit.

6.    Deny for lack of information or knowledge sufficient to form a belief.

7.    This paragraph states a legal conclusion for which no response is required.  To the

extent a response is necessary, Defendant Koenig denies all liability for claims asserted against

her in both her official and individual capacities.

## **JURISDICTION AND VENUE**

8.    This paragraph states a legal conclusion for which no response is required.

9.    This paragraph states a legal conclusion for which no response is required.

1

10.     This paragraph states a legal conclusion for which no response is required. To the extent a response is necessary, admit the events alleged in the Petition occurred within the venue of the Central Division of the Southern District of Iowa.

## GENERAL FACTUAL ALLEGATIONS

11.     Deny for lack of information or knowledge sufficient to form a belief.

12.     Deny for lack of information or knowledge sufficient to form a belief.

13.     Deny for lack of information or knowledge sufficient to form a belief.

14.     Admit.

15.     Deny for lack of information or knowledge sufficient to form a belief.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30. Admit.

31. Admit.

32. Admit.

33. Deny for lack of information or knowledge sufficient to form a belief.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Deny for lack of information or knowledge sufficient to form a belief.

41. Deny for lack of information or knowledge sufficient to form a belief.

42. Deny for lack of information or knowledge sufficient to form a belief.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Deny for lack of information or knowledge sufficient to form a belief.

49. Deny for lack of information or knowledge sufficient to form a belief.

50. Admit.

51. Admit.

52. Deny for lack of information or knowledge sufficient to form a belief.

53. Deny.

54. Deny.

55. Deny for lack of information or knowledge sufficient to form a belief.

56. Deny for lack of information or knowledge sufficient to form a belief.

57. Deny.

58. This paragraph states a legal conclusion for which no response is required. To the extent a response is necessary, deny.

59. Admit that at some point Ms. Osborn and Mr. McConnell made these statements.

60. Admit.

61. Admit.

62. Admit.

63. This paragraph states a legal conclusion for which no response is required. To the extent a response is necessary, deny.

64. Admit from what Defendant Koenig was able to view.  Deny as to others.

65. Admit.

66. Deny for lack of information or knowledge sufficient to form a belief.

67. Deny for lack of information or knowledge sufficient to form a belief.

68. Deny for lack of information or knowledge sufficient to form a belief.

69. Deny for lack of information or knowledge sufficient to form a belief.

70. Deny for lack of information or knowledge sufficient to form a belief.

71. Admit.

72. Deny for lack of information or knowledge sufficient to form a belief.

73. Deny.

74. Admit.

75. Deny for lack of information or knowledge sufficient to form a belief.

**COUNT 1**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983**
**VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION**
**RIGHT TO BE FREE FROM UNREASONABLE SEARCHES**
**(Against Defendants Moulding and Defendant Koenig, Individually)**

76. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny as to any causes of action or claims for relief asserted against Defendant Koenig.

77. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny.

78. This paragraph states a legal conclusion for which no response is required.

79. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny.

80. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny.

81. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny.

82. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny.

83. This paragraph states a legal conclusion for which no response is required. But to the extent a response is necessary, deny.

5

## COUNT 2
## TRESPASS
**(Against Defendant Moulding)**

84. – 89.     Paragraphs 84-89 do not assert any causes of action or claims for relief against Defendant Koenig and, therefore, no responses are required.  To the extent any responses may be required, deny for lack of knowledge or information sufficient to form a belief.

## COUNT 3
## INVASION OF PRIVACY
**(Against Defendant Moulding)**

90. – 92.     Paragraphs 90-92 do not assert any causes of action or claims for relief against Defendant Koenig and, therefore, no responses are required.  To the extent any responses may be required, deny for lack of knowledge or information sufficient to form a belief.

## COUNT 4
## RESPONDEAT SUPERIOR
**(Against Jefferson County)**

93. – 95.     Paragraphs 93-95 do not assert any causes of action or claims for relief against Defendant Koenig and, therefore, no responses are required.  To the extent any responses may be required, deny for lack of knowledge or information sufficient to form a belief.

## PRAYER FOR RELIEF

Defendant Koenig denies all claims for relief made by Plaintiffs in this action.

## JURY DEMAND

Defendant Koenig hereby demands a jury trial on all counts.

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiffs fail to state a claim for which relief can be granted.

2. Plaintiffs' claims against Defendant Koenig are barred by all applicable immunities including, but not limited to, absolute immunity, qualified immunity, and/or Eleventh Amendment immunity.

3. Defendant Koenig was not deliberately indifferent or acting in reckless disregard of Plaintiffs' constitutional rights.

4. Defendant Koenig's conduct was excused and/or justified.

5. Defendant Koenig was, at all relevant times, acting within the scope of her duties.

6. Defendant Koenig reserves the right to amend her Answer to assert other affirmative defenses as may become necessary or proper to a full defense of this matter.

Respectfully Submitted,

**BRENNA BRID**
Attorney General of Iowa

**/s/ RYAN P. SHEAHAN**
**RYAN P. SHEAHAN**
Assistant Attorney General
Hoover Building, Second Floor
Des Moines, Iowa 50319
PHONE: (515) 281-6658
FAX: (515) 281-4209
E-MAIL: ryan.sheahan@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

*Original filed electronically.*
*Copy electronically served on all parties of record.*

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on August 8, 2025:

☐ U.S. Mail ☐ FAX
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Other
☒ ECF System Participant (Electronic Service)

Signature: /s/Jodi R. Watson