**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| GAIL OSBORN, TIM MCCONNELL SEABA, AND GORDON SEABA, <br><br> Plaintiffs, <br><br> vs. <br><br> CHAUNCEY MOULDING, KELSEY KOENIG, AND JEFFERSON COUNTY IOWA, <br><br> Defendants. | Case No.: 4:25-cv-183 -SHL-SBJ <br><br> **STATEMENT OF UNDISPUTED MATERIAL FACTS** |

COME NOW the Defendants, Chauncey Moulding and Jefferson County, Iowa, pursuant to LR56(a)(3), and state that there is no genuine issue with respect to the following material facts:

1.      On November 15, 2024, the Iowa Department of Health and Human Services ("HHS") received an anonymous complaint alleging that Plaintiff Gail Osborn had given birth to a daughter, Charlotte McConnell, two months prior and was using methamphetamine while caring for that child. ECF 1, ¶ 14, App. JEFFERSON COUNTY IOWA ("JCI") 002.

2.      HHS Child Protective Worker, Defendant Kelsey Koenig, was assigned to complete an assessment. ECF 1, ¶ 16, App. JCI 003.

3.      On November 15, 2024, Plaintiff Gordon Seaba was the life tenant and property owner of the property on which Plaintiffs Gail Osborn and Timothy McConnell Seaba resided. App. JCI 016; ECF 1, ¶ 13, App. JCI 002.

4.      Around 10:15 am on November 15, 2024, Defendant Koenig traveled to Plaintiff Gordon Seaba's property, on which Plaintiffs Timothy McConnell Seaba and Gail Osborn resided. ECF 1, ¶ 17, App. JCI 003; Osborn Dep. Vol II 20:12-21:22, App. JCI 103-104.

5.    Upon arrival, Koenig spoke with Osborn regarding the allegations contained in the anonymous complaint. ECF 1, ¶ 18, App. JCI 003.

6.    Osborn denied both being under the influence of any illegal substances and having an infant child. ECF 1, ¶ 19, App. JCI 003.

7.    Osborn contacted Timothy McConnell Seaba, who also spoke with Koenig. ECF 1, ¶ 21, App. JCI 003.

8.    Timothy McConnell Seaba denied both that Osborn had recently given birth and that either of them had been using illegal substances. ECF 1, ¶ 22, App. JCI 003.

9.    Osborn allowed Koenig to inspect the "tiny home" in which she lived, located at the back of the property. ECF 1, ¶ 23, App. JCI 003.

10.    Koenig observed a little bedroom, a shower, and a gun above the bed. Koenig Dep. 22:19-22, App. JCI 062.

11.    Osborn also went with Koenig to the main home on the property in which Plaintiff Gordon Seaba then resided. ECF 1, ¶ 28, App. JCI 004.

12.    Gordon Seaba agreed to allow Koenig to inspect his home. ECF 1, ¶ 29, App. JCI 004.

13.    Koenig left Gordon Seaba's property after inspecting both the "tiny home" at the back of Gordon Seaba's property, along with Gordon Seaba's home. ECF 1, ¶ 31, App. JCI 004.

14.    Koenig returned to her office after her morning visit and began reviewing the anonymous complaint alongside Osborn's history of HHS complaints. Koenig Dep. 45:22-47:16, App. JCI 065.

15.    Around 3:23 pm on November 15, 2024, Koenig spoke to Defendant Chauncey Moulding, and both decided to return to Gordon Seaba's property with law enforcement to ask

Gordon Seaba for his consent to search the property to ensure there was not an emergency for the care of an infant child. ECF 1, ¶ 43, App. JCI 005.

16.    At approximately 4:00 pm, Moulding and Koenig arrived at Gordon Seaba's property. ECF 1. ¶ 44, App. JCI 005.

17.    Moulding and Koenig were accompanied by Assistant Jefferson County Attorney Elizabeth Estey, Jefferson County Sheriff's Deputy Brian Burnett, Jefferson County Sheriff's Deputy Mark Miller, and two Sheriff's Deputies from Washington County, Iowa. ECF 1, ¶ 45, App. JCI 005.

18.    The Defendants did not possess a warrant to search the property. ECF 1, ¶ 46, App. JCI 005.

19.    Upon arriving, Moulding proceeded up the driveway of the property to Gordon Seaba's house. ECF 1, ¶ 49, App. JCI 006.

20.    Estey and the deputies from Jefferson and Washington Counties remained parked on the road next to the bottom of the driveway. ECF 1, ¶ 51, App. JCI 006.

21.    Osborn has no direct personal knowledge of the events directly preceding Moulding's entry into Gordon Seaba's house, with regard to who opened the door to the residence. Osborn Dep. 42:10-16, App. JCI 050.

22.    Osborn was not present in Gordon Seaba's house with Gordon Seaba, Koenig, and Moulding when Koenig and Moulding asked for and received consent from Gordon Seaba to search his house, the surrounding property, and the outbuildings. Osborn Dep. 78:11-18, App. JCI 057.

23.     Osborn has no direct personal knowledge of the contents of the conversation granting consent between Moulding, Koenig, and Gordon Seaba. Osborn Dep. 78:11-18, App. JCI 057.

24.     Moulding and Koenig inspected Gordon Seaba's house for the emergency aid of an infant child. ECF 1, ¶ 58, App. JCI 006.

25.     During this time, Timothy McConnell Seaba spoke to law enforcement officers at the bottom of the driveway. ECF 1, ¶ 59, App. JCI 006.

26.     Moulding telephoned Deputy Miller and informed him of the consent granted by Gordon Seaba for the search of his property. ECF 1, ¶ 61, App. JCI 007.

27.     Based on the consent granted by Gordon Seaba, law enforcement from both counties entered Gordon Seaba's property. ECF 1, ¶ 62, App. JCI 007.

28.     Both Osborn and Timothy McConnell Seaba expressly granted permission for law enforcement to enter and remain on the property. Pl. Osborn Ans. Ints. at 8, App. JCI 022; Pl. McConnell Seaba Ans. Ints. at 8, App. JCI 015.

29.     Defendants conducted a search of the outbuildings and camper vehicles present on Gordon Seaba's property. ECF 1, ¶ 63, App. JCI 007.

30.     Moulding and Koenig participated in the search of Gordon Seaba's property. *Id*.

31.     Moulding approached an outbuilding at the rear of the property in which Osborn and Timothy McConnell Seaba lived and call their "tiny home." ECF 1, ¶ 65, App. JCI 007.

32.     This outbuilding is recognized and assessed as a "Shed" by the Jefferson County Assessor. App. JCI 016-018.

33.     Osborn told Moulding that he did not have permission to enter the shed without a warrant. ECF 1, ¶ 66, App. JCI 007.

34.	Moulding proceeded to enter the shed. ECF 1, ¶ 68, App. JCI 007.

35.	Moulding stepped into the shed, briefly scanned its contents, and walked out. Moulding Dep. 84:18-25, App. JCI 088.

36.	Moulding was only inside of the "tiny home"/shed for seconds. Osborn Dep. Vol. II 29:8-10, App. JCI 104.

37.	Defendants found no evidence indicating an infant child resided on the property. ECF 1, ¶ 74, App. JCI 008.

38.	All involved proceeded to the driveway of Gordon Seaba's property. Osborn Dep. 78:19-79:1, App. JCI 057.

39.	Osborn and Timothy McConnell Seaba told Defendants to leave the property when they were all on the driveway, but continued to engage all involved in conversation. Osborn Dep. 79:2-9, App. JCI 057.

Respectfully submitted,

HINDERS, UPDEGRAFF, FRANKLIN &
LIMKEMANN, P.L.C.


By */s/ Brent L. Hinders*
　　Brent L. Hinders, AT0003519
　　1104 Sunset Dr.
　　Norwalk, IA 50211
　　Telephone:  515-8917044
　　brent@hinderslaw.com
　　ATTORNEY FOR DEFENDANTS
　　CHAUNCEY MOULDING AND
　　JEFFERSON COUNTY, IOWA


**ORIGINAL FILED.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 29th, 2026, I presented the foregoing to the Clerk of the court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Gina Messamer
Kyle Dawson
Parrish Krudenier
2910 Grand Ave,
Des Moines, IA 50312
T: (515) 284-5737
F: (515) 284-1704
gmessamer@parrishlaw.com
kdawson@parrishlaw.com
ATTORNEYS FOR PLAINTIFFS


Ryan Sheahan
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building, 2nd Floor
Des Moines, IA 50319
T: (515) 281-6658
F: (515) 281-4209
ryan.sheahan@ag.iowa.gov
ATTORNEY FOR DEFENDANT KELSEY KOENIG


By */s/ Brent L. Hinders*