**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **GAIL OSBORN, TIMOTHY MCCONNELL-SEABA, and GORDON SEABA,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**CHAUNCEY MOULDING, KELSEY KOENIG, and JEFFERSON COUNTY, IOWA,**<br><br>**Defendants.** | **Case No. 4:25-cv-183**<br><br>**MOTION TO WITHDRAW & DISMISS GORDON SEABA AS PLAINTIFF**<br><br>**(Unresisted by Moulding & Jefferson County, Iowa)** |

**COMES NOW** attorney Gina Messamer and respectfully states the following:

1. Plaintiff Gordon Seaba passed away on March 6, 2026.

2. In light of Plaintiff's death, the undersigned's representation has terminated.

3. As of this date, an estate has not been opened for Mr. Seaba.

4. Mr. Seaba had three children: Plaintiff Timothy McConnell-Seaba, Ashley Seaba, and Shelly Cromer. Upon inquiry to all three of Mr. Seaba's children, Plaintiff's counsel does not anticipate that an estate will be opened.

5. Filed contemporaneously are written waivers signed by each of Mr. Seaba's children, confirming that they do not intend to open an estate on his behalf, and they each have no objection to his dismissal from this lawsuit.

6. Because federal law is silent as to the survival of § 1983 claims after an injured party's death, the Court looks to Iowa law. *See Estate of Guled v. City of Minneapolis*, 179 F. Supp. 3d 895, 898 (D. Minn. 2016) (citing *Andrews v. Neer*, 253 F.3d 1052, 1056 (8th Cir. 2001)). Under Iowa law, causes of action in civil cases "shall survive

and may be brought notwithstanding the death of the person entitled." Iowa Code § 611.20. Thus, Mr. Seaba's claims are not automatically extinguished with his death.

7. Mr. Seaba's claims cannot survive, however, without a substitute plaintiff in his place. Without a substitute in Mr. Seaba's place as plaintiff, there is no longer a live case or controversy before the Court. *See Younts v. Fremont Cty*., 370 F.3d 748, 752 (8th Cir. 2004) (declining to address plaintiff's claims because plaintiff had died during litigation and had not yet been substituted).

8. Under Rule 25(a) of the Federal Rules of Civil Procedure, Mr. Seaba's successor or representative may move to substitute for him as plaintiff and continue to pursue his claims. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* The motion for substitution must be made within ninety days after service of a statement noting the death. *Id.* If no motion is made within ninety days, the action must be dismissed. *Id.; Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010); *accord Pierce by Guardian v. Pemiscot Mem'l Health Sys.*, 657 F. App'x 613, 615 (8th Cir. 2016).

9. Given the waivers by Mr. Seaba's children, Counsel asks that the Court dismiss Mr. Seaba's claims at this time and withdraw the undersigned as Counsel for Mr. Seaba.

10. Defendants Moulding and Jefferson County have no resistance to Gordon Seaba's dismissal from this lawsuit.

11. Defendant Koenig objects to Gordon Seaba's dismissal from this lawsuit.

**WHEREFORE,** attorney Gina Messamer respectfully requests that the Court grant this Motion to Withdraw and Dismiss Gordon Seaba as Plaintiff.

**PARRISH KRUIDENIER, L.L.P.**

By: __/s/ Gina Messamer__________
Gina Messamer AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: gmessamer@parrishlaw.com
**ATTORNEY FOR PLAINTIFFS**

By: __/s/ Edward Harvey__________
Edward G. Harvey AT0003350
1600 Wonder Way
Fairfield IA, 52556
Telephone: (641) 919-8696
Email: edwardgharvey98@yahoo.com
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 14, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

By: __/s/ Gina Messamer__________