**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| GAIL OSBORN, TIM MCCONNELL SEABA, and GORDON SEABA, <br><br> Plaintiffs, <br><br> vs. <br><br> CHAUNCEY MOULDING, KELSEY KOENIG, and JEFFERSON COUNTY, IOWA, <br><br> Defendants. | Case No. 4:25-cv-00183-SHL-SBJ <br><br><br> **DEFENDANTS CHAUNCEY MOULDING'S AND JEFFERSON COUNTY IOWA'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**COME NOW** the Defendants, Chauncey Moulding and Jefferson County, Iowa, pursuant to LR 7(g) and LR 56(d) and submit this Reply to Plaintiffs' Resistance to the Defendants' Motion for Summary Judgment. In support, Defendants state:

**ARGUMENT**

1. **Moulding's entry into Gordon Seaba's home was not illegal since Gordon Seaba gave Moulding permission to enter**

Contrary to Plaintiffs' claims, Moulding and Koenig arrived at Gordon Seaba's property at approximately 4:00 p.m. ECF 1, ¶ 44, App. JCI 008; Osborn Dep. 38:18-21, App. JCI 038; Pl. Osborn Ans. Ints. at 8, App. JCI 025. Additionally, as a matter of fact, Moulding testified that he knocked on the front door and was invited into Gordon Seaba's home. Moulding Dep. 57:11-13, App. JCI 074, 57:22-25, App. JCI 074, 59:24-60:3. App. JCI 074. Koenig testified that she saw Moulding knock on the door. Koenig Dep. 91:5-8, App. JCI 057, 91:11-12, App. JCI 057. This fact cannot be disputed by Plaintiffs. Osborn Dep. 78:11-18, App. JCI 046; McConnell Seaba Dep. 39:8-18, App. JCI 060, and 59:18-24, App. JCI 063. In Plaintiffs' statement of facts they stated that Moulding asked Gordon Seaba to come inside and that Gordon Seaba assented. ECF 33-2, ¶

1

105. Additionally, Jefferson County deputies and Washington County deputies remained at the end of the driveway until Gordon Seaba voluntarily gave his consent to Moulding and Koenig to search. Gordon Seaba's consent was not tainted;as such, Gordon Seaba's voluntary consent was an act of free will.

Furthermore, Plaintiffs claim that Osborn was standing outside of Gordon Seaba's house and that she told Moulding he did not have permission to enter Gordon's house and that Moulding needed a warrant. However, this is not factually correct. Instead, Osborn was doing this when Moulding entered into Obsorn's and McConnell Seaba's tiny-home, after Moulding received consent from Gordon Seaba. *See* Miller BC 2 12:45-12:55, App. JCI 089; *see also* Osborn Dep. 75:19-77:9, App. JCI 045-046. Contradictory to Plaintiffs' claims, Osborn did not verbally count down from three and tell Moulding she was coming in when Moulding was in Gordon Seaba's home. *See* Miller BC 2 12:45-12:55, App. JCI 089; Osborn Dep. 75:19-77:9, App. JCI 045-046. Instead, this occurred when Moulding was inside of Osborn's and McConnell Seaba's alleged tiny-home. *See* Miller BC 2 12:45-12:55, App. JCI 089; Osborn Dep. 75:19-77:9, App. JCI 045-046. Moulding then remained on the property after Gordon Seaba gave Moulding consent to search. Moulding has repeatedly denied the fact that Gordon Seaba told Moulding to get out. Moulding Dep. 60:21-61:5, App. JCI 074-075.

Finally, it is factually undisputed that Gordon Seaba gave Moulding and Koenig consent to search. ECF 44-3, ¶ 15; Moulding Dep. 63:14-24, App. JCI 075; Koenig Dep. 91:22-92:24, App. JCI 057. Plaintiffs have admitted this in their Resistance Statement of Undisputed Material Facts. *See* ECF 44-3, ¶ 15. Thus, Moulding did not illegally enter Gordon Seaba's home since Gordon Seaba gave Moulding permission to enter. A reasonable officer could have believed their warrantless search to be lawful pursuant to either consent or exigency in light of clearly established

law and the information possessed. Thus, Plaintiffs did not have a clearly established right such that Moulding would understand that what he was doing violated their right. Accordingly, there is no dispute of material fact and Moulding is entitled to judgment as a matter of law.

## 2. Trespass

It is undisputed that Gordon Seaba gave consent to Moulding and Koenig to be on the property and to search it. ECF 44-3, ¶ 15; Moulding Dep. 63:14-24, App. JCI 075; Koenig Dep. 91:22-92:24, App. JCI 057. At all times, Moulding reasonably believed Gordon Seaba had the authority to consent. Moulding Dep. 66:15-23, App. JCI 076, 67:10-15, App. JCI 076, and 67:25-68:1, App. JCI 076. Moulding and Koenig received express consent from Gordon Seaba to enter into his home, to be on the property, and to search Gordon Seaba's home and the property. ECF 44-3, ¶ 15; Moulding Dep. 57:11-13, App. JCI 074, 57:22-25, App. JCI 074, 58:9-21, App. JCI 074, 59:24-60:3, App. JCI 074, 67:10-15, App. JCI 076, and 68:7-11, App. JCI 076; Koenig Dep. 92:3-24, App. JCI 057. Gordon Seaba's express consent negates any finding that Moulding trespassed because Moulding reasonably believed Gordon Seaba had the authority to consent since he was the life tenant/landowner. Moulding Dep. 66:15-23, App. JCI 076, 67:10-15, App. JCI 076, and 67:25-68:1, App. JCI 076; *See Butter v. Midwest Prop. Mgmt. IC, LLC*, 29 N.W.3d 626, 630 (Iowa 2025), *as amended* (Jan. 6, 2026). Accordingly, Moulding is entitled to judgment as a matter of law.

## 3. Invasion of Privacy

As established above, Moulding did not illegally enter and remain in Gordon Seaba's home because Gordon Seaba gave Moulding permission to enter his home. Moreover, this was not a criminal investigation. Moulding Dep. 34:12-13, App. JCI 068, 44:15-17, App. JCI 070. Thus, Gordon Seaba's consent was not tainted. Moulding reasonably believed Gordon Seaba had the

actual and apparent authority to consent to a search of Osborn's and McConnell Seaba's tiny-home. Moulding did not reasonably believe the tiny-home, which is classified as a shed on the assessor's website, was being used as a tiny-home. Accordingly, Moulding is entitled to judgment as a matter of law.

### 4. Respondeat Superior

Plaintiffs have brought a constitutional claim and state common law claims against Moulding. Since Plaintiffs did not *only* bring a state common law claim, Iowa Code § 670.4A's qualified immunity is applicable to Jefferson County. *See Doe v. W. Dubuque Cmty. Sch. Dist.*, N.W.3d 798, 806 (Iowa 2025), *as amended* (July 10, 2025) ("section 670.4A applies only where the plaintiff has asserted a state constitutional tort claim or statutory claim and not where the plaintiff has asserted only a state common law claim."). Nonetheless, Moulding received consent from the life tenant/landowner and he is entitled to qualified immunity from Plaintiffs' claims, pursuant to Iowa Code § 670.4A(1)(a). As such, Jefferson County cannot be liable for Plaintiffs' claims, pursuant to Iowa Code § 670.4A(2). Accordingly, Jefferson County is entitled to judgment as a matter of law.

### CONCLUSION

WHEREFORE the Defendants, Chauncey Moulding and Jefferson County, Iowa, pray that the Court grant summary judgment in favor of Defendants for the reasons stated above or in the alternative for the reasons stated in the Defendant Kelsey Koenig's motion for summary judgment.

Respectfully submitted,

HINDERS, UPDEGRAFF, FRANKLIN & LIMKEMANN, P.L.C.


By */s/ Brent L. Hinders*
   Brent L. Hinders, AT0003519
   1104 Sunset Dr.
   Norwalk, IA 50211
   Telephone:  515-8917044
   brent@hinderslaw.com
   ATTORNEY FOR DEFENDANTS
   CHAUNCEY       MOULDING       AND
   JEFFERSON COUNTY, IOWA


**ORIGINAL FILED.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 20th, 2026, I presented the foregoing to the Clerk of the court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Gina Messamer
Kyle Dawson
Parrish Krudenier
2910 Grand Ave,
Des Moines, IA 50312
T: (515) 284-5737
F: (515) 284-1704
gmessamer@parrishlaw.com
kdawson@parrishlaw.com
ATTORNEYS FOR PLAINTIFFS


Ryan Sheahan
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building, 2nd Floor
Des Moines, IA 50319
T: (515) 281-6658
F: (515) 281-4209
ryan.sheahan@ag.iowa.gov
ATTORNEY FOR DEFENDANT KELSEY KOENIG


By */s/ Brent L. Hinders*